IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| BARRY WAITES, #250 157 | * | |
| Petitioner, | * | |
| v. | * | 3:10-CV-295-ID |
| | | (WO) |
| JOHN CUMMINS, WARDEN, *et al*., | * | |
| Respondents. | * | |

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Barry Waites on April 4, 2010.[1]  In this petition, Petitioner challenges his conviction for murder entered against him by the Circuit Court for Chambers County, Alabama, on November 21, 2006.  On December 20, 2006 the trial court sentenced Petitioner to 40 years' imprisonment. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on April 18, 2008.  The Alabama Supreme Court  denied certiorari review, and the Court of Criminal Appeals issued a certificate of judgment on September 12, 2008. By operation of law, Petitioner's conviction became final on December 12, 2008.

---

[1] Although the present petition was stamped "filed" in this court on April 6, 2010, the petition was signed by Petitioner on April 4, 2010.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Waites] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers April 4, 2010 as the date of filing.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[2]  Respondents contend that because Petitioner's conviction became final in 2008- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.  Petitioner was convicted of murder in the Circuit Court for Chamber County, Alabama, on November 21, 2006.  The trial court sentence Petitioner on December 20, 2006 at which time he filed a motion for new trial.  Petitioner's new trial motion was denied February 9, 2007. On March 19, 2007 Petitioner filed notice of appeal. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on April 18, 2008. The appellate court denied Petitioner's application for rehearing on May 2, 2008. The Alabama Supreme Court denied Petitioner's petition for writ of certiorari on September 12, 2008, and the Alabama Court of Criminal Appeals issued a certificate of judgment the same day. (*Doc. No. 7, Exhs. 1, 3, 4, 6, 8, 9.*)  By operation of law, Petitioner's 2006 conviction for murder  became final on December 12, 2008 -- ninety days after the Alabama Court of Criminal Appeals entered its certificate of judgment -- as this is the date on which the time

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

expired for Petitioner to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Thus, Petitioner's murder conviction became final on December 12, 2008 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." After completion of the appeal process, Petitioner did not file any post-conviction proceeding. In light of the foregoing, the court concludes that the one-year period of limitation began to run on December 13, 2008 and ran uninterrupted until it expired on December 13, 2009.

Petitioner filed the instant petition for habeas corpus relief on April 4, 2010. Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired approximately four months prior to Petitioner filing this § 2254 petition. In light of the foregoing, it is

ORDERED that on or before June 7, 2010 Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done, this 17th day of May 2010.

    /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE