IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BARRY WAITES, #250 157, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.           ) | CIVIL ACTION NO.: 3:10-CV-295-TMH |
| ) | [WO] |
| JOHN CUMMINS, WARDEN, *et al*., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Barry Waites on April 4, 2010.[1] In this petition, Petitioner challenges his conviction for murder entered against him by the Circuit Court for Chambers County, Alabama, on November 21, 2006. On December 20, 2006 the trial court sentenced Petitioner to a 40 year prison term. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on April 18, 2008. The Alabama Supreme Court denied certiorari review, and the Court of Criminal Appeals issued a certificate of judgment on September 12, 2008. By operation of law, Petitioner's conviction became final on December 12, 2008.

Pursuant to the orders of this court, Respondents filed an answer in which they argue

---

[1] Although the present petition was stamped "filed" in this court on April 6, 2010, the petition was signed by Petitioner on April 4, 2010. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Waites] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers April 4, 2010 as the date of filing.

that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] Respondents contend that because Petitioner's conviction became final in 2008- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.

Based on Respondents' argument, the court entered an order advising Petitioner that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (*Doc. No. 10*.) The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. (*Id.*) Petitioner filed a response. (*Doc. No. 12*.) In his response, Petitioner argues that he is actually innocent of his conviction (*Id.*) Petitioner further argues that due to circumstances beyond his control he was unable to obtain a copy of his trial transcript without which he was unable to prepare his federal habeas application. (*Id.*)

## I. DISCUSSION

*A. Actual Innocence- Independent Claim*

Petitioner argues he is entitled to federal habeas relief because he is actually innocent of his conviction. In support of this assertion Petitioner contends that his conviction was

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

based on circumstantial evidence and was, therefore, an unreasonable determination in light of the evidence presented at trial.  (*Doc. No. 12*.)

The law is well settled "that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' *Herrera v. Collins,* 506 U.S. 390, 400 (1993).  It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial.  'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact.' *Id*." *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).  Thus, Petitioner is entitled to no relief from this court on his independent claim of actual innocence.

B.  *Actual Innocence - Gateway to Excuse Time Bar*

This court must determine whether Petitioner has made a showing of actual innocence before addressing Respondents' assertion that the claims for federal habeas relief are barred by the statute of limitations. *Johnson v. Fla. Dep't. of Corr.*, 513 F.3d 1328, 1333 (11th Cir. 2008); *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000). "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley  v. United States,* 523 U.S. 614, 623 (1998).  "[T]he *Schlup* standard is demanding and permits review

only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

Petitioner asserts no more than his own self-serving, conclusory allegation that he is actually innocent claiming that his conviction was based on circumstantial evidence and that the evidence presented at trial was insufficient to sustain his conviction. This argument, at best, constitutes a claim of legal insufficiency rather than factual innocence. *See Bousley*, 523 U.S. at 622. It does not, however, constitute "new reliable evidence" of Petitioner's actual innocence.

Petitioner's assertions do not constitute "new reliable evidence" of his actual

innocence nor has he demonstrated that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*. *See generally Herrera,* 506 U.S. at 417, 423 (because post-trial affidavits are "obtained without the benefit of cross-examination," they "are to be treated with a fair degree of skepticism." (O'Connor, J., concurring)). Because Petitioner has failed to demonstrate his actual innocence, the court finds that the instant petition for writ of habeas corpus is properly analyzed under 28 U.S.C. § 2244(d)(1)(A).

*C. Statute of Limitations*

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the

>    exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

Petitioner was convicted of murder in the Circuit Court for Chamber County, Alabama, on November 21, 2006. The trial court sentenced Petitioner on December 20, 2006 to 40 years in prison. Thereafter, Petitioner filed a motion for new trial. The new trial motion was denied February 9, 2007. On March 19, 2007 Petitioner filed notice of appeal. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on April 18, 2008. The appellate court denied Petitioner's application for rehearing on May 2, 2008. The Alabama Supreme Court denied Petitioner's petition for writ of certiorari on September 12,

2008, and the Alabama Court of Criminal Appeals issued a certificate of judgment the same day. (*Doc. No. 7, Exhs. 1, 3-9*.) By operation of law, Petitioner's 2006 conviction for murder became final on December 12, 2008 -- ninety days after the Alabama Court of Criminal Appeals entered its certificate of judgment -- as this is the date on which the time expired for Petitioner to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Thus, Petitioner's murder conviction became final on December 12, 2008 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

  *i. Statutory Tolling of the Limitation Period.*

  28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." After completion of the appeal process, Petitioner did not file any post-conviction proceeding. Accordingly, the one-year period of limitation began to run on December 13,

2008 and ran uninterrupted until it expired on December 13, 2009. Petitioner filed the instant petition for habeas corpus relief on April 4, 2010 - 119 days or 3 months and 29 days after the limitation period had expired.

### ii. Equitable Tolling of the Limitation Period

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* ___ U.S. ___,130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). The diligence required is reasonable diligence, not "maximum feasible diligence", *see Holland*, 130 S.Ct. at 2565, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil,* 633 F.3d 1257, 1267 (11th Cir. 2011). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary

circumstances. *Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001).

Petitioner argues equitable tolling is justified because, although aware that the limitation period for him to file a timely federal habeas application expired on December 9, 2011, he did not have possession of his trial transcript to assist him in preparation of his petition. Unable to inspect his trial record, Petitioner maintains he could not prepare a viable and factually accurate petition. Petitioner acknowledges, however, that trial counsel provided a copy of the trial transcript to Petitioner's wife "who could not or would not respond [to Petitioner]" and "who had no idea of detrimental time line, or any sympathy whatsoever." (*Doc. No. 12*.)

Even if Petitioner was not in possession of his trial transcript prior to the expiration of the limitation period, he has not demonstrated that lack of his trial record during the relevant time period constitutes an "extraordinary circumstance" which prevented the filing

of a timely habeas petition. *See Donovan v. Maine,* 276 F.3d 87, 93 (1st Cir. 2002) (delay in obtaining transcript no basis for equitable tolling of one-year limitation period); *Lloyd v. Van Natta*, 296 F.3d 630, 634 (7th Cir. 2002) (same); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) ("Possession of a transcript, however, is not a condition precedent to the filing of [a petition for post-conviction relief]"; *see also Pacheco v. Artuz,* 193 F. Supp.2d 756, 760 (S.D.N.Y.2002) (the § 2244(d)(1)(D) time bar runs "'from the date a petitioner is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim.'"); *Jihad v. Hvass,* 267 F.3d 803, 806 (8th Cir.2001) ("[L]ack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling"); *Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D.La. 2000) (transcript unnecessary to prepare habeas petition); *Fadayiro v. United States,* 30 F. Supp.2d 772, 779-780 (D.N.J. 1998) (delay in receiving transcripts not sufficiently extraordinary to justify application of equitable tolling); *United States v. Van Poyck,* 980 F. Supp. 1108, 1110-1111 (C.D.Cal. 1997) (delay in receipt of transcript not an "extraordinary circumstance[ ]" sufficient to justify equitable tolling). In light of the foregoing, the court concludes that Petitioner's lack of access to his trial transcript does not establish an extraordinary circumstance sufficient to justify equitable tolling.

The court further notes that the law is settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant

equitable tolling of the limitation period. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (a petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000) (petitioner's *pro se* status throughout most of the period of limitation does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

### iii. Expiration of the Limitation Period

In this case, the court finds that Petitioner has failed to present any credible basis for either equitable or statutory tolling of the limitation period. The record is devoid of evidence that Petitioner's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. The reasons set forth by Petitioner for his untimeliness are insufficient to establish the extraordinary circumstances required to warrant equitable tolling of the limitation period.

He has likewise presented nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Petitioner] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Consequently, Petitioner is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to equitably toll the statute. Moreover, no basis exists for statutory tolling.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Barry Waites be DENIED as it was not filed within the period of limitation established by applicable federal law; and

2. This case be DISMISSED with prejudice.

It is further

ORDERED that on or before **October 29, 2012** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 15th day of October 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE